**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Scott A. Heimermann, Civil No. 01-437 (ADM/AJB)

Plaintiff,

v. **REPORT AND RECOMMENDATION**

David L. Ramp, John Doe(s), and
Jane Doe(s),

Defendants.

This matter is before the Magistrate Judge for report and recommendation to the District Court on defendants' motion to dismiss or for summary judgment [Docket No. 3]. In the complaint in this action plaintiff acknowledges his status as prisoner from Wisconsin residing at MCF-Stillwater pursuant to agreement under the Interstate Compact. The complaint identifies defendant Ramp as an attorney with the Minnesota Office of the Attorney General who is representing the defendants in a related case commenced by plaintiff entitled Heimermann v. Crist, et al.[1] The complaint specifically references the related matter and, indeed, certain allegations arise out of actions taken by defendant Ramp in the course of his representation of the defendants in the related matter. In the present case plaintiff makes a claim for abuse of process, based upon the contention that defendant Ramp improperly authorized placement of a lien on plaintiff's prisoner trust account and caused an improperly motivated motion for summary

---

[1] Heimermann v. Crist, United States District Court, District of Minnesota Civil File No. 00-1455.



AUG - 1 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

judgment to be served and filed in the related case; asserts an action for slander of credit, also based upon the placement of a lien on his prison trust account; and finally, alleges conspiracy with unnamed persons, presumably John Doe and Jane Doe, having the unlawful purpose of restraining and suppressing plaintiff's efforts to prosecute the related action. Plaintiff seeks punitive damages, compensatory damages for aggravation and slander to his reputation, reasonable attorneys' fees and costs, and equitable relief. Defendant Ramp contends that plaintiff's factual allegations are patently false; his legal claims are without merit on their face; the complaint is frivolous and malicious; and plaintiff is entitled to absolute immunity under the absolute judicial action privilege.

Based upon the entire file in this matter, including all of the pleadings, affidavits and exhibits, along with the complete file in the related matter entitled Heimermann v. Crist, et al., United States District Court, District of Minnesota Civil File No. 00-1455 ADM/AJB, as well as plaintiff's extensive history of commencing frivolous litigation and the existence of unsatisfied fines and sanctions assessed by other courts, and in accordance with the attached Memorandum report, the Magistrate Judge makes the following:

**RECOMMENDATION**

It is **hereby recommended** that:

1. Defendant's motion to dismiss or for summary judgment be **granted** [Docket No. 3], and the action be **dismissed** with prejudice pursuant to Fed. R. Civ. P. 56 and 28 U.S.C. § 1915A; and

2. Plaintiff be fined in the amount of $ 750.00 as penalty for his commencement

and continued prosecution of a frivolous and vexatious lawsuit. The clerk of court should be directed to notify the institution at which the plaintiff is presently confined for purposes of applying a lien on plaintiff's prison trust account to the extent permitted under Wisconsin law and subject only the priority of previously imposed fines and sanctions. Further, the clerk of court should be instructed to provide the institution at which the plaintiff is presently confined with a copy of the Court's Order in this case for placement in the prisoner's permanent file. Finally, it should be ordered that, along with the complaint, petition, or other initial pleading which plaintiff may file in any state or federal court action commenced by him in the future, plaintiff himself must submit a complete listing of each and every state and federal action commenced by him, and the disposition of such case, since the date of his conviction on the offenses for which he is presently incarcerated.

Dated: 7/31/01

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 13, 2001.

## MEMORANDUM

This action is the case which essentially proves defendants' assertions in support of their motion for summary judgment in the related matter, Heimermann v. Crist, et al., United States District Court, District of Minnesota Civil File No. 00-1455 ADM/AJB. Though plaintiff has moved for voluntary dismissal of the previous action, his mere commencement of this case and opposition to dismissal of the matter is convincing evidence of the vexatious and malicious nature of plaintiff's litigation efforts. Further persuasive evidence that the present action is motivated and perpetuated by malice is provided through plaintiff's offer to the defendant to dismiss this action with prejudice as part of a proposed stipulation for dismissal of Heimermann v. Crist without prejudice and without costs or other conditions imposed upon him. Such offer represents a fair measure of plaintiff's own assessment of the merits of the claims in this case.

28 U.S.C. § 1915A provides that the court shall screen a complaint in a civil action in which a prisoner seeks redress from an employee of a governmental entity and shall dismiss the complaint to the extent that it is frivolous, malicious, or fails to state a claim upon which relief may be granted and further shall dismiss any claim that seeks monetary relief from a defendant who is immune from such relief. Plaintiff contends that his complaint is not subject to such screening because the pleading does not charge the defendant as an "assistant attorney general" or an officer or employee of the government; and the matter is pleaded as diversity case and not as a prisoner case, subject to the Prison Litigation Reform Act. Plaintiff paid the full filing fee in this matter and made no application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915, thereby avoiding the immediate screening mandate of subsection (e)(2). In

any event, it cannot be reasonably disputed that plaintiff is a prisoner and that the defendant is a state government employee. The Court finds no particular significance to the contention that the complaint is based upon diversity pursuant to 28 U.S.C. § 1332(a)(1), does not purport to assert constitutional claims under 42 U.S.C. § 1983, and is not otherwise based upon federal causes of action. Under these circumstances, review of the merits of the compliant pursuant to 12 U.S.C. § 1915A(a) merely provides an alternative basis for early review by the court and is not inconsistent with summary judgment as requested in this instance.

The first count of plaintiff's complaint alleges abuse of process relating to defendant Ramp's efforts to enforce previously imposed court sanctions against plaintiff's prison trust account at MCF-Stillwater. Defendant's alleged abusive actions were the authorization for placement of a lien on the trust account and filing a summary judgment motion in the previous related case. These claims are without merit and are frivolous. Fines in the amount of $750 have been assessed against plaintiff by the United States Court of Appeals for the Seventh Circuit, based upon plaintiff persistent filing of frivolous actions.[2] Plaintiff has been sanctioned in the amount of $7,500 in Wisconsin state court.[3] The Seventh Circuit penalty has not been paid, vacated, or stayed,[4] and the state court sanctions likewise were not reversed and remain unpaid. To the extent that defendant Ramp advised MCF-Stillwater and the Court of the existence of

---

[2] Affidavit of Jennifer Park, Exh. B, In the matter of Scott A. Heimermann, 7th Cir. Ct. file No. 97-9089, Order dated August 8, 1997. [Docket No. 6].

[3] Affidavit of Jennifer Park, Exh. D. Heimermann v. Kohler, 2000 WL 1114567 (Wis. App. 2000)(unpublished opinion). [Docket No. 6].

[4] Id., Exh. C. General docket report of the United States Court of Appeals for the Seventh Circuit. [Docket No. 6].

these penalties, his assertions are truthful. In addition, Minn. Stat. § 243.23 Subd. 3(9) expressly authorizes deductions from inmate accounts for payment of fines or other fees ordered by a court, without limitation to Minnesota courts. In reference to claims that defendant slandered plaintiff by asserting the existence of these penalties in the context of a summary judgment motion, defendant is clearly entitled to the protection of immunity under the absolute judicial action privilege, Kittler v. Eckberg, Lammers, et al., 535 N.W.2d 653 (Minn. App. 1995) citing Matthis v. Kennedy, 67 N.W.2d 413 (Minn. 1954), aside from the absence of any actual defamatory action. Plaintiff's claim of abuse of process is ludicrous, appears to be motivated by malice, and warrants additional fines by this Court.

Plaintiff's second purported cause of action for slander of credit is likewise based upon defendant's efforts in regard to placement of lien against plaintiff's prison trust account at MCF–Stillwater. The claim is equally absurd, and is exacerbated by plaintiff's own misstatements. Specifically, plaintiff asserted defendant's knowledge that the Seventh Circuit had concluded in its Order imposing fines that such fine could not be charged against plaintiff's trust account. The Order contains no such statement and the allegation is not mere misinterpretation. Plaintiff's complaint also alleges defendant's knowledge that hearing was pending in connection with vacation of the $7,500 state court sanction. In fact, the matter was set for hearing on remand to the trial court only for purpose of determination of appropriate additional sanctions arising out of his frivolous appeal,[5] and the amount of initial sanctions had

---

[5] Affidavit of Jennifer Park, Exh. D. Heimermann v. Kohler, 2000 WL 1114567, page 3 (Wis. App. 2000)(unpublished opinion). [Docket No. 6].

not even been challenged on appeal.[6] Plaintiff's cause of action for slander of credit is frivolous, malicious, and merits additional fines by this Court.

Plaintiff's final count alleges conspiracy between defendant Ramp and unnamed defendants for the purpose of suppressing plaintiff's prosecution of the Heimermann v. Crist case. As counsel for defendants in that matter, Ramp's efforts were undoubtedly directed towards restraining and suppressing plaintiff's prosecution of that lawsuit, but that was his job. The claim is so lacking in substance and merit that it is difficult to construe as a claim. Co-conspirators are not identified in any meaningful respect whatsoever, and in any event, there is no viable underlying cause of action arising out of overt acts directed towards an unlawful objective. The claim of conspiracy is frivolous and harassing and justifies imposition of additional penalties by the Court.

**CONCLUSION**

Plaintiff's complaint in this matter as a matter of law fails to state a claim upon which relief can be granted. Furthermore, the allegations in the complaint are plainly frivolous and malicious. The complaint was clearly filed for the purpose of harassing defendant in his role as counsel for opposing parties in a related action and for the additional wrongful purpose of influencing the course of litigation in the related case. Dismissal is appropriate pursuant to defendant's motion for summary judgment and is mandated pursuant to 28 U.S.C. § 1915A, therein requiring dismissal of frivolous or malicious claims brought by a prisoner against a government officer or employee, or which seeks monetary relief from a defendant who has

---

[6] Id., Heimermann v. Kohler, page 3 n.4.

immunity from such relief. Defendant's motion for summary judgment should be granted, and plaintiff should be fined accordingly.[7]

[7] Further frivolous and vexatious litigation tactics may result in the Court imposing additional sanctions. See Support Systems International, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995).

**Please forward this announcement to the recipient of this fax.**

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500