UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott A. Heimermann,

Plaintiff,

v.

David L. Ramp, John Doe(s), and Jane Doe(s),

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-437 ADM/AJB

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Scott Heimermann's Objections to the July 31, 2001 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Doc. No. 9]. In the R&R, Judge Boylan recommends dismissing this action and fining Plaintiff as a penalty for his commencement and continued prosecution of a frivolous and vexatious lawsuit. For the reasons set forth below, Judge Boylan's R&R is adopted in its entirety.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present objections.

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

SEP
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP
DEPUTY CLERK

A complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Kaylor v. Fields*, 661 F.2d 1177, 1180-81 (8th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Moreover, in civil actions brought by prisoners, if the court determines the action is "frivolous," "malicious," or "fails to state a claim upon which relief may be granted," the court shall dismiss the case. *See* 28 U.S.C. § 1915A(b) (screening cases brought by prisoners against government entity or employee); 28 U.S.C. § 1915(e)(2) (prisoners proceeding in forma pauperis). Because Plaintiff's claims both fail to state a claim upon which relief can be granted and are frivolous, this action must be dismissed.

Plaintiff's first claim alleges abuse of process regarding defendant Ramp's efforts to place a lien against Plaintiff's prison trust account at MCF-Stillwater, with the intent to enforce previously imposed court sanctions. The Seventh Circuit Court of Appeals and a Wisconsin state court have sanctioned Plaintiff for filing frivolous actions. *See In re Scott A. Heimermann*, No. 97-9089 (7th Cir. Aug. 8, 1997) (order sanctioning Plaintiff $750); *Heimermann v. Kohler*, No. 98-3292, 2000 WL 1114567 (Wis. App. 2000) (unpublished opinion) (affirming sanction of $7,500 against Plaintiff). These sanctions have not been paid, and have not been vacated, stayed or reversed. Minnesota law expressly authorizes deductions from inmate accounts for payment of fines or other court-ordered fees. Minn. Stat. § 243.23, subd.3(9). Accordingly, Ramp was truthful when he advised the Court and MCF-Stillwater of these outstanding penalties. Such fines may properly be deducted from Plaintiff's inmate account. *Id.* Plaintiff's abuse of process claim is frivolous and warrants additional sanctions.

Plaintiff's second claim alleges slander of credit based on defendants' efforts with regard to placing a lien against Plaintiff's prison trust account at MCF-Stillwater. As explained above, Plaintiff's allegation is totally without merit. Moreover, Plaintiff has presented misstatements regarding the nature of the prior orders. Plaintiff's slander of credit claim is frivolous and malicious. Further sanctions are warranted.

Finally, Plaintiff alleges a conspiracy, between defendant Ramp and other unnamed defendants, aimed at suppressing Plaintiff's litigation of the case, *Heimermann v. Crist*, No. 00-1455 (D. Minn.). Plaintiff has failed to identify any unlawful objective of the purported conspiracy. Ramp is counsel for defendants in that action. To the extent Ramp defended and restrained Plaintiff's claims in that case, he was performing his assigned task. Plaintiff further fails to provide any meaningful identification of any co-conspirators or overt acts.

Before splattering such frivolous claims before the Court, Plaintiff must consider the rule of law. Rule 11 requires the signatory of a pleading to represent to the Court that the pleading is not filed for an improper purpose, such as harassment, the claims are not frivolous and the factual allegations have evidentiary support. *See* Fed. R. Civ. P. 11(b). Plaintiff is not immune from sanctions under Rule 11 simply because he appears as a pro se litigant. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (holding that pro se litigants are not excused from complying with substantive and procedural law); *Ginter v. Southern*, 611 F.2d 1226, 1227 n.1 (8th Cir. 1979) ("we urge the district courts to assure compliance by pro se litigants with the requirements of Rule 11"). Plaintiff's frivolous and malicious filings with this Court, including his Objections to the R&R, warrant sanctions. *See Ivy v. Kimbrough*, 115 F.3d 550, 553 (8th Cir. 1997); *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 486 (8th Cir. 1988); *Hick v. Bexar Co., Texas*, 973 F.Supp.

653, 689-90 (W.D. Tex. 1997) (holding monetary sanctions against plaintiff were warranted). Plaintiff is sanctioned $750.00 for his commencement and continued prosecution of a frivolous and vexatious lawsuit.

Furthermore, a copy of this Order should be provided to the institution at which Plaintiff presently is incarcerated for placement in his permanent file. In the future, when Plaintiff wishes to file a complaint in court, he first must submit a complete listing of every state and federal action commenced by him, and the disposition of each case, since the date of his conviction on the offenses for which he currently is incarcerated. This prerequisite shall be filed along with the complaint, petition, or other initial pleadings Plaintiff may file in any state or federal court action.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Boylan's R&R of July 31, 2001 [Doc. No. 9] is **ADOPTED** in its entirety;

(2) Defendants' Motion to Dismiss [Doc. No. 3] is **GRANTED**;

(3) This action is **DISMISSED with prejudice**;

(4) Pursuant to Fed. R. Civ. P. 11(c), **Plaintiff is fined $750.00** as a sanction for the commencement and continued prosecution of a frivolous and vexatious lawsuit.

(5) In the future, along with the complaint, petition, or other initial pleadings Plaintiff may file in any state or federal court action, Plaintiff shall submit a complete listing of each and every state and federal action commenced by him, and the disposition of such case, since the date of his conviction on the offenses for which he currently is incarcerated.

(6) A copy of this Court's Order in this case shall be provided to the institution at which Plaintiff presently is confined and shall be placed in his permanent file.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2001